# IN THE SUPREME COURT, STATE OF WYOMING

# 2026 WY 65

APRIL TERM, A.D. 2026

June 16, 2026

IN THE INTEREST OF: AC and BI,
minor children,

JC,

Appellant
(Respondent),

v.                                                                          S-25-0282

THE STATE OF WYOMING,

Appellee
(Petitioner).

*Appeal from the District Court of Platte County*
The Honorable Edward A. Buchanan, Judge

*Representing Appellant:*
    Remi A. Bullock, Bullock Law, LLC, Cheyenne, Wyoming.

*Representing Appellee:*
    Keith G. Kautz, Wyoming Attorney General; Christina McCabe, Deputy Attorney
    General; Wendy S. Ross, Senior Assistant Attorney General; Rebekha K. Dostal,
    Senior Assistant Attorney General.

**Representing Guardian Ad Litem:**
    Joseph R. Belcher, Director; Kimberly Skoutary Johnson, Chief Trial and Appellate
    counsel.

*Before BOOMGAARDEN, C.J., GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**JAROSH, Justice.**

[¶1]    A juvenile court found JC (Father) neglected AC and BI.  On appeal, Father argues the court abused its discretion when it admitted evidence of the children's hair follicle tests because the tests occurred after the date Father was found to have neglected the children. Father also asserts the tests could not have assisted in determining whether he neglected the children on the specific date at issue in the State's neglect petition.  Finding no abuse of discretion, we affirm.

## ISSUES

[¶2]    Father raises two issues, which we rephrase as:

> 1.  Did the juvenile court abuse its discretion when it admitted evidence concerning the children's hair follicle tests?
>
> 2.  Did the juvenile court abuse its discretion when it denied in part Father's motions in limine?

## FACTS

[¶3]    Father and AI (Mother) are co-parents to their minor child AC (born 2017) and Mother's other child, BI (born 2016).  Father lives in Wheatland, Wyoming, and Mother lives in Arapahoe, Nebraska.

[¶4]    In mid-June 2025, Father picked up Mother and the children in Nebraska to spend time with them in Wheatland.  However, on June 22, 2025, the parents had a disagreement and separated.  Father took the children to the Motel 6 after Mother sent him text messages threatening self-harm and giving him concerns about the children's safety.

[¶5]    The next day, Mother called the Wheatland Police Department to report her concerns about the safety of the children due to Father's methamphetamine use.  Mother alleged Father had been using methamphetamine by injecting it into his neck.  She also expressed her worry that Father may kidnap the children after taking them on a planned camping trip.  The responding officer noted Mother's behavior was erratic and unusual. The officer then contacted Father at the Motel 6 and observed the children in his care. Father expressed his concerns about Mother, including Mother's methamphetamine use. Father agreed to submit a urinalysis (UA) test, which returned presumptive positive for methamphetamine.  Father admitted he used methamphetamine three days prior, just before he picked up Mother and the children in Nebraska.  The officer again met with Mother, and she eventually admitted that she had relapsed and used methamphetamine the previous night.  Mother also stated she used methamphetamine from a pipe found in Father's bedroom.  Based on Father's presumptive positive UA test, the officer's observations of

1

the parents, and both parents admitting to recent use of methamphetamine, the officer took the children into protective custody.

[¶6]    The State filed a petition alleging Mother and Father neglected the children.[1]  The juvenile court promptly held a shelter care/initial hearing and placed the children in the legal and physical custody of the Department of Family Services (the Department).  In August 2025, the court conducted an adjudicatory hearing.  At the beginning of the hearing, Father moved to exclude any evidence outside of June 23, 2025, arguing such evidence would be irrelevant because the petition only alleged neglect on that date.  Father also moved to prevent the introduction of any character evidence or other acts evidence.  The court granted the motions in part and denied them in part.  Specifically, the court ruled that the State could introduce evidence of events occurring on June 22 and 23 because those were the dates on which the petition and accompanying affidavit stated neglect occurred.  The court also ruled that the State could not introduce evidence of the children's prior involvement with the Department.  Otherwise, the court stated it would consider any relevance or other objections "on a case-by-case basis."

[¶7]    The State presented evidence and testimony from the responding officer and the Department's caseworker.  The court also heard brief testimony from Father and Mother.  During the caseworker's testimony, the State inquired about the results of hair follicle tests collected from the children.  Father objected, arguing the hair follicle tests were irrelevant because they did not occur on June 23.  The court overruled the objection so long as the evidence tied back to that date.  The caseworker testified the Department's standard procedure after it takes a child into protective custody is to perform a hair follicle test.  The caseworker testified that after the children were taken into protective custody on June 23, and consistent with the Department's practices in cases involving controlled substances, the Department collected the children's hair follicles for testing.  The caseworker stated the results of the tests were positive for methamphetamine, amphetamine, and marijuana.  Father did not further object.

[¶8]  After hearing the evidence presented by the parties, the juvenile court found Mother and Father neglected AC and BI.  As to Father, the court held the State satisfied its burden of proof based on Mother's testimony regarding the methamphetamine pipe in Father's room, Father's presumptive positive UA test, Father's admission to methamphetamine use a few days prior to the children's removal, the responding officer's observations of Father, and the positive hair follicle tests.  The court also specifically found the hair follicle tests encapsulated the date of June 23, 2025, and were evidence that the children were exposed to methamphetamine at that time.  The court's written order incorporated these findings.  This appeal followed.

---

[1] Wyo. Stat. Ann. § 14-3-202(a)(vii) defines "Neglect" as "a failure or refusal by those responsible for the child's welfare to provide adequate care, maintenance, supervision, education or medical, surgical or any other care necessary for the child's well being."

## DISCUSSION

### I. *The juvenile court did not abuse its discretion when it admitted evidence of the children's hair follicle tests.*

[¶9]    Father generally challenges the juvenile court's decision to admit evidence of the hair follicle tests.  Because Father objected to the challenged evidence at the adjudicatory hearing, we review the juvenile court's evidentiary ruling for an abuse of discretion. *Interest of AM*, 2021 WY 119, ¶ 17, 497 P.3d 914, 920 (Wyo. 2021) (citing *Bruce v. Bruce*, 2021 WY 38, ¶ 16, 482 P.3d 328, 333 (Wyo. 2021)).  "A trial court's rulings on the admissibility of evidence are entitled to considerable deference, and, as long as there exists a legitimate basis for the trial court's ruling, that ruling will not be disturbed on appeal." *Id.*  "We need only determine whether the court could have reasonably concluded as it did." *Boyer v. State*, 2025 WY 100, ¶ 25, 576 P.3d 30, 38 (Wyo. 2025) (citation omitted).

[¶10] Father argues the hair follicle tests were irrelevant because the caseworker's testimony was that the tests were collected after June 23, 2025, and the results encompassed a period of up to three-months prior to that date, which is outside the dates referred to in the neglect petition.[2]  Wyo. Stat. Ann. § 14-3-426(b) (2025) states only "competent, relevant and material evidence shall be admissible at an adjudicatory hearing to determine the truth of the allegations in the petition."  Further, the Wyoming Rules of Evidence "apply with full vigor at adjudicatory hearings." *KC v. State*, 2015 WY 73, ¶ 20, 351 P.3d 236, 242 (Wyo. 2015) (citing W.R.E. 1101(b)(3)).  Under W.R.E. 401, evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  W.R.E. 402 states that "relevant evidence is admissible" unless otherwise provided by rule or statute.

[¶11] The State's petition alleged Father "failed or refused to provide adequate care, maintenance, supervision, education, medical or other care necessary for the children's well-being" on June 23, 2025.  This general allegation comports with the definition of neglect under Wyo. Stat. Ann. § 14-3-202(a)(vii) (2025). *See supra*, ¶ 6 n.1.  At the adjudication hearing, the caseworker testified that the Department collected the children's hair follicles on June 24, although BI had to be retested on July 15.  She opined that hair follicle tests typically cover about three months of time.  Based on this testimony, the juvenile court acknowledged the tests could capture a range of months but also

---

[2] Father also asserts the juvenile court abused its discretion when it admitted the tests because no expert testified to lay foundation for the evidence.  However, "[o]bjections based on the adequacy of foundation must be made when the evidence is offered, and the failure to make a timely objection will preclude appellate review." *Esquibel v. State*, 2022 WY 89, ¶ 20, 513 P.3d 148, 153 (Wyo. 2022) (citation omitted).  Father did not object on the basis of foundation at the adjudicatory hearing, thus we are precluded from reviewing the issue.

encapsulated June 23, 2025, and showed the parents exposed the children to methamphetamine.

[¶12] The record, therefore, demonstrates the hair follicle tests had at least some tendency to show that Father exposed the children to methamphetamine and provided inadequate care to the children on June 23, 2025. W.R.E. 401; Wyo. Stat. Ann. § 14-3-202(a)(vii). As such, the juvenile court reasonably concluded the hair follicles tests were relevant to prove Father neglected the children on the alleged date. *Anderson*, ¶ 11, 517 P.3d at 588 (citation omitted). Father's argument that the tests fail to prove he exposed the children on that date goes to the weight of the evidence, which we do not reweigh under our standard of review. *Duncan v. Duncan*, 2026 WY 44, ¶ 23, 587 P.3d 1065, 1072 (Wyo. 2026) ("We do not reweigh evidence."). As previously explained, the hair follicle tests were not the only evidence the juvenile court relied upon to find Father neglected the children. It also relied upon the methamphetamine pipe in Father's room, Father's admission to methamphetamine use a few days prior to the children's removal, the responding officer's observations of Father, and Father's positive UA test.

## II. *The juvenile court did not abuse its discretion when it denied in part Father's motions in limine.*

[¶13] We review the juvenile court's decision of whether or not to grant a motion in limine for an abuse of discretion. *Elsner v. Campbell Cnty. Hosp. Dist.*, 2025 WY 37, ¶ 75, 566 P.3d 894, 914 (Wyo. 2025) (citation omitted). As stated above, we need only look to whether the court could reasonably conclude as it did. *Boyer*, ¶ 25, 576 P.3d at 38 (citation omitted).

[¶14] The only evidence Father objected to, and now challenges on appeal, is the juvenile court's admission of the evidence regarding the hair follicle tests. Based on the admission of this evidence, Father argues the court abused its discretion when it denied in part his oral motion in limine and then violated the portion of the motion it granted. Father contends the court was required to grant his motion to prevent the admission of any evidence acquired before or after June 22 and 23, 2025, asserting such evidence would be irrelevant. He further contends the court contravened its own ruling limiting the timeframe for when evidence could be presented.

[¶15] Father misconstrues the juvenile court's ruling. The court did not bar all evidence prior to June 22, 2025; it only barred evidence of the Department's prior involvement with the children if the State did not give proper notice of its intent to use that evidence pursuant to Wyo. R. Evid. 404(b). Regarding any other evidentiary objections, the court stated multiple times it would hear objections on a "case-by-case basis." When Father objected to the hair follicle tests, the court considered the objection and reasonably concluded the tests were relevant, as discussed above. The court therefore complied with its oral ruling

4

on the motions in limine and did not abuse its discretion when it admitted evidence concerning the children's hair follicle tests. *Boyer*, ¶ 25, 576 P.3d at 38 (citation omitted).

[¶16] Affirmed.